

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 7, 1950

Hon. John Ben Shepperd
Secretary of State
Austin, Texas

Opinion No. V-1066.

Re: Inclusion of demand note exe-
cuted and renewed prior to
1941 but not renewed, extend-
ed, or refinanced after 1941,
in determining taxable capital
for franchise tax purposes be-
tween effective dates of 1941
and 1949 amendments to Arti-
cle 7084.

Dear Sir:

We quote the following excerpt from your letter of May
8, 1950, requesting our opinion on the above captioned matter.

"The opinion of your office is respectfully re-
quested as to whether the provisions of Article 7084,
Revised Civil Statutes of 1925, as amended by Chapter
184, Acts 1941, 47th Legislature, apply to a demand
note which was executed before the 1941 amendment,
extended before the 1941 amendment, but not renewed,
extended or refinanced after such amendment. The fol-
lowing fact situation is typical of our problem: A cor-
poration issued a demand note in 1929, a partial pay-
ment on the indebtedness evidenced thereby was made
before the effective date of the 1941 amendment, and a
new note was issued to evidence the balance of the in-
debtedness then due; no subsequent change has been
made in indebtedness or the evidence thereof. Is the
presently outstanding note to be included in the basis
for computing the corporation's franchise tax liability
for the years between the effective date of the 1941 a-
mendment and the effective date of the latest amend-
ment to Article 7084 (Chapter 536, Section 1, Acts 1949,
51st Legislature)? (The latter amendment, of course,
makes it clear it is to be included.)"

Since the first franchise tax was enacted in 1893, Acts
23rd Leg., 1893, ch. 102, p. 158, sec. 5, the franchise tax has been
variously computed. In 1930 for the first time the tax was based
on a corporation's outstanding capital stock, surplus, and undivided
profits plus the amount of outstanding bonds, notes, and debentures
other than those maturing in less than a year from date of issue.

Acts 41st Leg., 5th C.S. 1930, ch. 68, p. 220. The pertinent provisions of the 1941 amendment to Article 7084, V.C.S., referred to in your letter, read as follows:

"Except as herein provided, every domestic and foreign corporation heretofore or hereafter chartered or authorized to do business in Texas, or doing business in Texas, shall, on or before May 1st of each year, pay in advance to the Secretary of State a franchise tax for the year following, based upon that proportion of the outstanding capital stock, surplus and undivided profits, plus the amount of outstanding bonds, notes and debentures, (outstanding bonds, notes, and debentures shall include all written evidences of indebtedness which bear a maturity date of one (1) year or more from date of issue, and all such instruments which bear a maturity date of less than one (1) year from date of issue but which represent indebtedness which has remained outstanding for a period of one (1) year or more from date of inception, but which have been renewed or extended, or refinanced by the issuance of other evidences of the indebtedness, whether to the same or other parties and it is further provided that this term shall not include instruments which have previously been classified as surplus) . . ." Acts 47th Leg., R.S. 1941, ch. 184, p. 289, Article VIII, Sec. 1.

Shortly after the statute was amended the Attorney General advised the Secretary of State that he should not include in the basis for franchise tax purposes "notes, bonds and debentures which are issued for a period of less than one year from the date of issue, and which represent an indebtedness which has been in existence for a period of one year or more from the date of inception of the indebtedness, but which have not been renewed or extended, or . . . refinanced by the issuance of other evidence of indebtedness." We enclose a copy of this opinion, No. O-3330, dated July 18, 1941.

The 1949 amendment of Article 7084 reworded this provision of the statute so that it now reads as follows:

"Except as herein provided, every domestic and foreign corporation heretofore or hereafter chartered or authorized to do business in Texas, or doing business in Texas, shall, on or before May first of each year, pay in advance to the Secretary of State a franchise tax for the year following, based upon that proportion of the outstanding capital stock, surplus and undivided profits, plus the amount of outstanding bonds, notes and debentures (outstanding bonds, notes and de-

bentures shall include all written evidences of indebtedness which bear a maturity date of one (1) year or more from date of issue, and all such instruments which bear a maturity date of less than one (1) year from date of issue which represent indebtedness which has remained continuously outstanding for a period of one (1) year or more from date of inception whether or not said <u>indebtedness has been renewed or extended by the issuance of other evidences of the same indebtedness to the same or other parties, and it is further provided that this term shall not</u> include instruments which have been previously classified as surplus), . . ." Acts 51st Leg. 1949, ch. 536, p. 975, sec. 1.

Under the change made by this amendment (underscored above) the demand note described in your request is clearly included in the basis for computing franchise tax liability subsequent to the effective date of the amendment. This change was recommended to the Legislature by your predecessor and the present Attorney General.

Whether we or the Legislature disapproved of the construction placed upon the 1941 act by Opinion No. O-3330 (see <u>Isbell v. Gulf Union Oil Co.</u>, 147 Tex. 6, 209 S.W.2d 762 (1948)), or whether such construction merely served to call to the attention of the legislative body the need for special legislation to include such instruments is immaterial. In either event it is evident that the legislative interpretation of the provision of the 1941 act is in accordance with that previously given by the Attorney General in said opinion. Had the Legislature thought that notes maturing in less than one year, but remaining outstanding for one year or more without subsequent renewal or extention were included in the basis for the tax as provided by the 1941 act, there would have been no need to amend the statute in this particular.

You are therefore advised that a demand note executed and extended prior to the 1941 amendment but not since renewed, extended, or refinanced should not be included in the basis for computing a corporation's franchise tax liability for the years between the effective date of the 1941 amendment and the effective date of the 1949 amendment to Article 7084. It should be included after the effective date of the 1949 amendment.

## SUMMARY

A demand note executed prior to 1941 but not renewed, extended, or refinanced after such date should not be included in the basis for computing franchise tax

liability for the years between the effective date of the 1941 amendment to Article 7084, V.C.S., and the effective date of the 1949 amendment to Article 7084, V.C.S. Opinion No. O-3330; Acts 47th Leg., R.S. 1941, ch. 184, p. 289, Art. VIII, Sec. 1. It should be included after the effective date of the 1949 amendment.

Yours very truly,

PRICE DANIEL
Attorney General

By *Marietta McGregor Creel*
Mrs. Marietta McGregor Creel
Assistant

APPROVED:

W. V. Geppert
Taxation Division

Joe R. Greenhill
First Assistant

Price Daniel
Attorney General

MMC/mwb